# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH STEPHENS,<br>Plaintiff,<br>v.<br>BRETT WARD,<br>Defendants. | Case No. 1:26-cv-03286-SAB<br><br>ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

On April 29, 2026, Plaintiff Jeremiah Stephens, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Brett Ward. (ECF No. 1.) Following litigation not relevant here, on July 27, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* with the notice that service would not be undertaken until the Court screened the complaint in due course. (ECF Nos. 7.) The Court now undertakes its screening.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."

Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is Jeremiah Stephens, who resides in Tulare, California. (ECF No. 1, p. 2.) Defendant is Brett Ward, Deputy District Attorney Investigator, in Hanford, California. (Id.)

On December 3, 2025, at approximately 4:35 AM at The Barn, in Exeter, California, Ward, "acting in his capacity as a Deputy District Attorney Investigator brandished a firearm in my presence without identifying himself as law enforcement." (Id. at p. 5.) The action caused Plaintiff "severe emotional distress, fear for my safety, and ongoing mental anguish." (Id.) "As a result of this unlawful seizure, I have suffered significant emotional and mental damages for which I now seek therapy for relief." (Id.) "As a result of this sudden, unidentified display of force, I was left in constant fear for my life, still unsure of my safety and am left with lasting

anxiety and distress." (Id.) "The DA Investigator remains under active investigation by his agency, with police video and audio evidence being thoroughly reviewed. This [gentleman?] needs to be held accountable for his actions." (Id.)

In his prayer for relief, Plaintiff reiterates that, "I have suffered actual damages including emotional distress, ongoing anxiety, sleep disturbances, panic attacks, and loss of enjoyment for life. I am also in fear of my life of the fact that this individual might seek retaliation or harm me. The defendant's conduct was willful and malicious, warranting punitive damages. I therefore seek both actual and punitive damages in the total amount of $250,000. Police reports, video and audio are on record." (Id. at p. 6.)

## III.

## DISCUSSION

### A. 42 U.S.C. § 1983 and Color of Law

Section 1983 is a legal mechanism through which a plaintiff may bring a cause of action for the violation of a constitutional or other federal rights caused by persons acting under color of state law. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under Section 1983, a plaintiff is required to allege that (1) each defendant acted under color of state law and (2) each defendant deprived him or her of rights secured by the federal constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021), citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988). Generally, each defendant must have personally participated in the deprivation of the plaintiff's rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

Thus, a plaintiff must link a defendant with some affirmative act or omission that demonstrates a violation of his federal rights. General statements about groups of people are generally insufficient. Simply stating that someone did something, without context, may also be deemed conclusory. Relatedly, simply stating something or someone violated a law is a legal conclusion, which is a determination reserved for the Court.

An important limitation: claims brought through Section 1983 may only be brought against

persons who act under color of state law. 42 U.S.C. § 1983. "With a few exceptions . . . constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." Edmonson v. Leesville Concrete Co., Inc, 500 U.S. 614, 619 (1991). "This fundamental limitation on the scope of constitutional guarantees 'preserves an area of individual freedom by limiting the reach of federal law' and 'avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.'" Id., quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-37 (1982). For example, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Paeste v. Government of Guam, 798 F.3d 1228, 1238 (9th Cir. 2015), quoting West v. Atkins, 487 U.S. 42, 50 (1988).

Though Plaintiff has identified Ward as Deputy District Attorney Investigator, Plaintiff's allegations seemingly contradict whether he was acting in his official capacity (*i.e.*, whether Ward was acting under color of state law). In the complaint, Plaintiff alleges that "Ward, acting in his capacity as a Deputy District Attorney Investigator, brandished a firearm in my presence *without identifying himself* as law enforcement." (ECF No. 1, p. 5) (emphasis added). Later, Plaintiff alleges that Ward's action was a "sudden, *unidentified* display of force . . ." (Id.) (emphasis added). Thus, it is unclear to the Court whether Ward was in fact acting under color of state law. The other allegations in the compliant, which are minimal, are presently inadequate to support an inference that Ward was acting under color of law.

Therefore, the Court finds that Plaintiff has not stated any claim brought through § 1983.

**B. Legal Standards**

Though the Court has found that Plaintiff's complaint fails because he has not alleged Ward was acting under color of law, the Court will give Plaintiff pleading standards on the claims the Court has identified therein. Based on the allegations, the only claim the Court construes Plaintiff as bringing a claim of unlawful seizure of a person, under the Fourth Amendment.

The Supreme Court has defined a seizure of a person as "a governmental termination of freedom of movement *through means intentionally applied*." Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989) (emphasis in original); see also Torres v. Madrid, 592 U.S. 306, 317 (2021)

("A seizure requires the use of force with intent to restrain. Accidental force will not qualify.") A seizure "can take the form of 'physical force' or a 'show of authority' that 'in some way restrain[s] the liberty' of the person." Sanderlin v. Dwyer, 116 F.4th 905, 911 (9th Cir. 2024), quoting Torres, 592 U.S. at 311. The Fourth Amendment is intended to "prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." United States v. Martinez-Fuerte, 428 U.S. 543, 554 (1976). Thus, a seizure occurs any time an "officer accosts an individual and restrains his freedom to walk away." Terry v. Ohio, 392 U.S. 1, 16 (1968). "[A] mere touch can be enough for a seizure," and "brief seizures are seizures all the same." Torres, 592 U.S. at 317-18.

A seizure, however, "does not occur simply because a police officer approaches an individual and asks a few questions." Florida v. Bostick, 501 U.S. 429, 434 (1991); United States v. Brown, 996 F.3d 998, 1005 (9th Cir. 2021). The general rule is that "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980) ("[C]haracterizing every street encounter between a citizen and the police as a 'seizure,' while not enhancing any interest secured by the Fourth Amendment, would impose wholly unrealistic restrictions upon a wide variety of legitimate law enforcement practices."); see also Dees v. County of San Diego, 960 F.3d 1145, 1154 (9th Cir. 2020) (discussing that a seizure occurs if, in view of all circumstances surrounding incident, a reasonable person would have believed she was not free to leave). Additionally, a seizure "requires either physical force . . . or, where that is absent, submission to the assertion of authority." California v. Hodari D., 499 U.S. 621, 626 (1991); Hill v. City of Fountain Valley, 70 F.4th 507, 514 (9th Cir. 2023) ("Put another way, if a plaintiff did not comply with an officer's orders, then the officer did not seize the plaintiff."). An "application of force with an objective intent merely to *disperse or exclude* persons from an area—and without any measures objectively aimed at detaining or confining them in the process—does not involve the necessary 'intent to restrain' that might give rise to a 'seizure.'" Puente v City of Phoenix, 123 F.4th 1035, 1052 (9th Cir. 2024) (emphasis in original).

In determining whether a reasonable person would have felt free to ignore police or other governmental presence, the Ninth Circuit considers five factors: "(1) the number of officers; (2) whether weapons were displayed; (3) whether the encounter occurred in a public or nonpublic setting; (4) whether the officer's officious or authoritative manner would imply that compliance would be compelled; and (5) whether the officers advised the detainee of his right to terminate the encounter." United States v. Brown, 563 F.3d 410, 415 (9th Cir. 2009), quoting United States v. Washington, 387 F.3d 1060, 1068 (9th Cir. 2004).

Even assuming Ward were acting under color of law, the Court would find that Plaintiff has failed to state a claim. In the complaint, Plaintiff's factual allegations regarding what occurred is only one sentence: On December 3, 2025, at approximately 4:35 AM at The Barn, in Exeter, California, Ward, "acting in his capacity as a Deputy District Attorney Investigator brandished a firearm in my presence without identifying himself as law enforcement." (ECF No. 1, p. 5.) There are no other factual allegations regarding the context of the encounter that would allow for the Court to even reasonably infer that a seizure had occurred. Again, merely stating that a person is seized is conclusory.

**C. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15(a). In other words, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The decision of whether to grant leave to amend is within the discretion of the district court. Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

The Court finds leave to amend is warranted. At this time, Plaintiff has not demonstrated

undue delay, bad faith, or dilatory motive. Accordingly, the Court will allow Plaintiff leave to amend to cure the deficiencies outlined in this order.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed herein, Plaintiff fails to state a claim and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;
3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

/ / /

/ / /

/ / /

/ / /

/ / /

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will reassign this matter and recommend that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **August 31, 2026**

STANLEY A. BOONE
United States Magistrate Judge